**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1896
_____

IN RE: JULIO AVILES, SR.,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 1:15-cr-00181-001)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
on August 18, 2022

Before: AMBRO, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: August 29, 2022)

_____

_____

OPINION[*]

_____

**PER CURIAM**

Julio Aviles, Sr., petitions pro se for a writ of mandamus, appearing to request that we compel the District Court to rule on a motion for compassionate release he filed pursuant to 18 U.S.C. § 3582(c)(1)(A). The District Court has since denied Aviles' motion for compassionate release, and Aviles has appealed. See C.A. No. 22-2319.[1] In light of the District Court's action, this mandamus petition no longer presents a live controversy and must be dismissed as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). Accordingly, we will dismiss the petition.[2] To the extent that Aviles requests, as an alternative to mandamus relief, that we "determine what Congress meant by the motions by inmates for compassionate release," Mandamus Pet. 7, ECF No. 1-3, that request, which we construe as seeking an advisory opinion, is denied. See Preiser v. Newkirk, 422 U.S. 395,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Aviles' appeal remains pending, and nothing in our opinion here is meant to take a position on the merits of that appeal.

[2] Aviles' motion to be excused from the service requirements of Federal Rule of Appellate Procedure 21(a)(1) is granted.

2

401 (1975) (reasoning that "[t]he exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions").